IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| RIGOBERTO ANTILLON-CASTILLO, | ) ) ) | |
|---|---|---|
| Movant, | ) ) | |
| v. | ) ) | Civ. Case No. 05-0795-CV-W-NKL |
| | ) | Crim. Case No. 01-0120-CR-W-NKL |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

**ORDER**

Pending before the Court is Rigoberto Antillon-Castillo's ("Antillon-Castillo") Application to Proceed on Appeal *In Forma Pauperis*. [Doc. # 18]. Antillon-Castillo seeks to appeal this Court's denial of his Motion to Vacate Sentence Under 28 U.S.C. § 2255. *See* Order [Doc. # 13] For the reasons set forth below, the Court denies Antillon-Castillo's Application.

Pursuant to 28 U.S.C. § 1915(a), this Court may authorize a defendant to appeal without prepayment of fees. Under section 1915(a), the district court follows a two-step process in considering whether the applicant should be permitted to proceed *in forma pauperis*. First, the Court must determine whether the applicant qualifies by economic status under section 1915(a). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). Second, the Court must determine whether the cause of action stated in the complaint is frivolous or malicious within the meaning of section 1915(d). *Id.*

1

The statute specifically outlines the information a prisoner must provide to proceed *in forma pauperis*. Such an appellant must provide "an affidavit that includes a statement of all assets such prisoner possesses," and "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(a)(1) and (2).

Antillon-Castillo did not submit his trust fund account statement, but the authorized officer did attest that Antillon-Castillo's average monthly balance during the past six months has been $651 and the average monthly deposit for the past six months was $1,492. According to the Application, Antillon-Castillo earns $17 per month at his prison job and he occasionally received money from his mother, although he does not anticipate that she will contribute any additional money. Antillon-Castillo does not have any other assets. The Court finds that Antillon-Castillo satisfies the first prong of the *Martin-Trigona* analysis.

Under the second prong of the test, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). The term "frivolous," as used in the statute, does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under section

1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citation omitted).

In its Order denying Antillon-Castillo's habeas action, the Court found that his grounds for relief were without merit because they were either time-barred or they were clearly precluded under precedent established by the Eighth Circuit Court of Appeals. *See* Order [Doc. # 13] The Court also denied Antillon-Castillo a Certificate of Appealability because his grounds did not warrant appellate review. *See* Order [Doc. # 15] Because the Court has already found that Antillon-Castillo's claims are wholly without merit, it considers his appeal to be similarly frivolous. Antillon-Castillo does not satisfy the second prong of the *Martin-Trigona* analysis.

Accordingly, it is hereby

ORDERED that Antillon-Castillo's Application to Proceed on Appeal *In Forma Pauperis* [Doc. # 18] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

3

DATE: May 23, 2006
Kansas City, Missouri